Timothy Twomey, Esq.
Crowson Law Group
637 A Street
Anchorage, AK 99501
(907) 677-9393 Telephone
(907) 677-9310 Facsimile
Email: tim@crowsonlaw.com
*Attorneys for Plaintiff*

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

JAMES KELLY,            )
                        )
        Plaintiff,      )
                        )
v.                      )
                        )
WALMART and             )
EMPLOYEE JOHN DOE,      )
                        )
        Defendants.     )
_____) Case No. 3AN-21-_____ CI

## COMPLAINT

COMES NOW Plaintiff James Kelly, through counsel Crowson Law Group, and for his Complaint alleges and states as follows:

1. Plaintiff, for all times mentioned herein, was a resident of the Anchorage Borough, State of Alaska.

2. Defendant WALMART, INC. is a corporation doing business in Anchorage, Alaska as a Walmart retail store at 7405 Debarr Road, Anchorage, Alaska.

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

850 S. ROBERTS ST.
SUITE #500
WASILLA, ALASKA
99654

*Kelly v. Walmart, et al.*
Case No. 3AN-21-_____ CI
Complaint
Page 1 of 7

3. At all times herein mentioned, Defendant Walmart was licensed and authorized to do business in Alaska.

4. Defendant Walmart's business slogan is *Save Money. Live Better.* Defendant Walmart describes its history as follows:

> Sam Walton was a man with visionary leadership, and our business is a result of that. Since the first Walmart opened in 1962 in Rogers, Arkansas, we've been dedicated to making a difference in the lives of our customers. Today, we're helping communities save money and live better all over the world.

5. At all times herein mentioned, upon information and belief Defendant Walmart was the owner and/or manager of the store where the subject incident giving rise to this action occurred and the employer of Defendant John Doe (first name believed to be Mark) and responsible for his actions taken within the scope of his employment.

6. Upon information and belief, Plaintiff alleges that Defendant Walmart, though its representations, words and actions has acknowledged and ratified its duty to conduct its operations in a reasonably safe manner so as to avoid foreseeable injuries to persons, including customers of the store.

7. The injury described below occurred at the aforementioned Walmart store in Anchorage, Alaska; as a result, venue properly lies with this court.

8. Jurisdiction properly lies with this honorable Court.

9. That on or about June 7, 2020, the Defendant Walmart held itself out to the public and to Plaintiff as a retail store and was subject to a duty of reasonable care towards its patrons, customers and other individuals legally on its premises with regard to its

CROWSON LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

850 S. ROBERTS ST.
SUITE #500
WASILLA, ALASKA
99654

*Kelly v. Walmart, et al.*
Case No. 3AN-21-____ CI
Complaint
Page 2 of 7

ownership operation, and management of its store located at 7405 Debarr Road, Anchorage, AK.

10. At the aforesaid time and place, Plaintiff was lawfully on said premises.

11. At the aforesaid time and place, while in the store shopping, Plaintiff sustained bodily injuries when an employee of Walmart, Defendant John Doe, pushed a heavy loaded cart into his body and over his ankle and twisting his knee and body in the process.

12. Plaintiff alleges upon information and belief that the subject cart is allegedly known as a "Rocket Cart" and was larger and heavier than a standard shopping cart the store makes available for customers.

13. Plaintiff alleges upon information and belief that Walmart is and has been aware of dangers presented by its use of "Rocket Carts" to both its own employees and other individuals, yet, Walmart persists in its use of these carts in its stores.

14. Plaintiff contends that Walmart and its employee failed to fulfill their duty of care to conduct their operations in a reasonably safe manner under the circumstances, resulting in his injury.

15. Plaintiff alleges upon information and belief that the subject cart that was being pushed by Defendant John Doe was known to Walmart to be dangerous and to present a risk of bodily injury to persons, yet Walmart did nothing to minimize or eliminate such risks, which included the risk that a customer's foot or ankle would be injured if the cart were pushed into or over such person's foot.

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

850 S. ROBERTS ST.
SUITE #500
WASILLA, ALASKA
99654

Kelly v. Walmart, et al.
Case No. 3AN-21-_____ CI
Complaint
Page 3 of 7

16. Plaintiff alleges upon information and belief that Defendant Walmart failed to provide adequate training to its employees, including Defendant John Doe regarding safe operations, including training intended to minimize risk of harm associated with the use of the subject cart(s).

17. Plaintiff alleges that Defendant Walmart had a duty to conduct its operations, including the use of carts by employees for moving or stocking merchandise is done so with reasonable care under the circumstances, so as to not present an unreasonable risk of injury to persons in the store, including Plaintiff, who was there to shop for groceries.

18. Plaintiff alleges that Defendant Walmart had a duty to conduct its operations in a reasonably safe way, such that its customers, including Plaintiff, would not be harmed or suffer a bodily injury while shopping in a Walmart store by carts, including Rocket Carts or other wheeled devices used in the store or being moved or pushed by employees in areas where persons, including customers like Plaintiff are likely to be present.

19. Plaintiff alleges that Defendant Walmart breached the duty of reasonable care by failing to take appropriate action to prevent foreseeable injury from occurring.

20. Plaintiff alleges that Defendant Walmart, through its employee, caused him to become injured when he was struck by a cart being pushed by Defendant employee John Doe.

21. Plaintiff had not consented – either expressly or inferentially from the circumstances, to the unexpected and uninvited touching of his body when the cart was pushed into him and over his foot and ankle by Defendant John Doe causing him pain and

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

850 S. ROBERTS ST.
SUITE #500
WASILLA, ALASKA
99654

*Kelly v. Walmart, et al.*
Case No. 3AN-21-____ CI
Complaint
Page 4 of 7

injury. Accordingly, the intentional conduct of Defendant John Doe resulting in this unconsented touching was a battery upon Plaintiff's person.

22. At the aforesaid time and place, the Defendant Walmart, as the operator of the aforementioned store, either individually or by and through its agents, servants and/or employees, including Defendant John Doe, acted with less than reasonable care and were then and there guilty of one or more of the following intentional, careless, reckless and negligent acts and/or omissions:

    a. Improperly operated, managed, maintained and controlled its store, its employees and its premises in that it failed to adequately and properly train, supervise, manage its employees as regards safety to persons affected by the performance of its business operations and in particular involving the use of carts or equipment in the store so as to minimize the risk of injury to others.

    b. Failed to exercise reasonable care under the circumstances in that Walmart and Defendant John Doe's conduct was careless, inattentive and reckless in that there was no attempt to become aware of the danger presented to Plaintiff or warnings given or attempted.

    c. Failed to exercise reasonable care under the circumstances in that Defendant John Doe proceeded to move a dangerous cart without appropriate caution or control, and pushed the cart into Plaintiff's body. Defendant John Doe was so inattentive and careless that he claimed after the incident that he had not realized at first that he had ran over Plaintiff and caused him injury.

    d. To "add insult to injury" – subsequent to the initial incident at the store, and while in the process of recovery, Plaintiff returned to the store as a shopper – at which time he was confronted by Defendant John Doe who approached Plaintiff and asked in a hostile and mocking way – "Do you remember me? I'm the guy who ran you over with the cart. They don't have me doing carts anymore. Now I'm at the front door." Plaintiff was upset by these remarks by Defendant John Doe and he felt somewhat intimidated as it could be interpreted that Defendant John Doe may have been punished or demoted in some fashion by his employer Defendant Walmart and would have reason to become hostile towards Plaintiff.

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

850 S. ROBERTS ST.
SUITE #500
WASILLA, ALASKA
99654

*Kelly v. Walmart, et al.*
Case No. 3AN-21-_____ CI
Complaint
Page 5 of 7

e. Failed to exercise reasonable care under the circumstances in that Defendant Walmart failed to adequately train and supervise its employees with respect to avoiding foreseeable injuries and in the safe use of carts and other equipment while non-employees are in the store.

f. Failure to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition or operation when Defendant Walmart knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff or others legally in the store.

g. Failed to make a reasonable inspection of its premises and audit of its operations when it knew or in the exercise of ordinary care should have known that said inspection and or audit was necessary to prevent injury to the Plaintiff and others lawfully on the premises.

h. Was otherwise careless and negligent in the operation of its store and premises.

23. As a direct and proximate result of one or more of the foregoing acts or omissions of the Defendants, Plaintiff sustained severe and permanent injuries; both internally and externally, and was and will be hindered and prevented from attending to his usual duties and affairs of life, and has lost and will in the future lose value of that time as aforementioned.

24. As a direct and proximate result of the aforesaid careless and negligent acts the Plaintiff then and there suffered great pain and anguish, both in mind and body and will in the future continue to suffer. The Plaintiff further expended and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff prays for judgment against the Defendants in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

850 S. ROBERTS ST.
SUITE #500
WASILLA, ALASKA
99654

Kelly v. Walmart, et al.
Case No. 3AN-21-_____ CI
Complaint
Page 6 of 7

Case 3:22-cv-00079-HRH   Document 1-1   Filed 04/06/22   Page 6 of 7

Exhibit A.
Page 6 of 7

compensate the Plaintiff for his injuries, losses and damages as herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair and just.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For general damages.

2. For all special damages to include medical and incidental expenses according to proof, past and future, and economic losses including loss of earnings and economic opportunities.

3. For attorney's fees and costs of suit herein incurred.

4. That this case be tried by jury.

5. For such other and further relief as the court may deem proper.

Respectfully submitted on this the 17th day of February 2022.

> CROWSON LAW GROUP
> *Attorneys for Plaintiff*
>
> By: /s/ Timothy Twomey
> Timothy Twomey
> AK # 0505033

CROWSON
LAW GROUP

637 A STREET
ANCHORAGE, ALASKA
99501

907-677-9393

850 S. ROBERTS ST.
SUITE #500
WASILLA, ALASKA
99654

*Kelly v. Walmart, et al.*
Case No. 3AN-21-____ CI
Complaint
Page 7 of 7